IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-194 |
| | ) |
| DEVON DAVIS | ) |

**OPINION and ORDER ON MOTION**
**FOR HOME DETENTION/BAIL**

Presently before the court is Defendant Devon Davis' Motion for Home Detention/Bail, in which he asks to be released on home detention or bail to reside at his girlfriend's residence while awaiting jury trial in this matter. ECF No. 49. The Government opposes Defendant's motion. ECF No. 53. For the reasons set forth below, Defendant's Motion will be denied.

Defendant is charged in a four-count Indictment with conspiracy to distribute and possess with intent to distribute, 40 grams or more of fentanyl, and a quantity of cocaine from on or about January 1, 2018 through March 13, 2018, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute a mixture or substance containing a detectable amount of fentanyl, on or about March 13, 2018, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2); possession of a firearm on or about March 13, 2018 in furtherance of the drug trafficking crime charged in Count 2, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3); and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 4). ECF No. 3. On September 11, 2019, a detention hearing was held before Magistrate Judge Patricia L. Dodge. ECF No. 25. After hearing evidence and argument, Magistrate Judge Dodge ordered Defendant detained. Judge Dodge found that Defendant had not overcome the presumption of detention, and that by clear and convincing evidence that

there were no conditions that would assure the safety of the community, and that, by a preponderance of the evidence, there were no conditions that would reasonably assure the defendant's appearance. Order of Detention Pending Trial, ECF No. 26. Magistrate Judge Dodge's detention order was also based on the Defendant's prior criminal history, his participation in criminal activity while on probation, parole, or supervision, his history of violence or use of weapons, his prior failure to appear, prior attempt to evade law enforcement, and his prior violations of conditions of probation, parole, or supervision. *Id.*

Though not specified by Defendant, the relief he seeks falls under the provision of the Bail Reform Act governing temporary release, which states in pertinent part: "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another ***compelling reason.***" 18 U.S.C. § 3142(i) (emphasis added). The Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i), and the Court is able to resolve the motion without a hearing or oral argument. Following review of the Motion and response plus review of the record this Court concludes that neither hearing or argument is necessary.

Defendant contends that as an inmate at the Allegheny County Jail, he is at greater risk of contracting COVID-19 than if released to home confinement. Defendant also argues that he suffers from diabetes. He also accurately states that due to the COVID-19 pandemic and Administrative Orders of Court from the Chief Judge, that commencement of his jury trial, which was initially set to begin on April 6, 2020, is postponed indefinitely. Presently,

the earliest date when a jury trial can be scheduled in this District is September 9, 2020. Misc. No. 2:20-mc-394-MRH, Administrative Order, May 29, 2020, at ¶ 2, ECF No. 12 ("All civil and criminal jury selections and jury trials in the Western District of Pennsylvania scheduled to begin (or are to be scheduled to begin) on or before **September 8, 2020** are continued pending further Order of the Court."). Defendant's proposes that he be released to his girlfriend's residence in Clairton, Pennsylvania. Defendant does not address the "safety of the community" concerns, or concerns about his appearing in Court as required.

The Court recognizes the potential for Defendant's exposure to the COVID-19 virus at the Allegheny County Jail. Unfortunately, that potential exists anywhere in the community. As explained in detail by the government in its response, the Allegheny County Jail, along with this Court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the Jail. While the Court is sympathetic to Defendant's medical concerns and claims regarding possible complications caused by the COVID-19 virus, such speculation concerning possible future conditions does not constitute a "compelling reason" for temporary release. Moreover, Defendant's Motion does not address the real possibility that he or others may face a more serious risk of exposure to the virus if he is released in the community. Defendant's current arguments for release do not outweigh the factors considered by the Magistrate Judge in ordering his detention.

Because of the COVID-19 pandemic, the United States District Court for the Western

District of Pennsylvania has excluded from the speedy trial clock the time between March 13, 2020 to April 27, 2020, which was then extended to June 12, 2020. *See* Misc. No. 2:20-mc-394-MRH, Administrative Order, Mar. 13, 2020, ECF No. 1 and Administrative Order, Apr. 16, 2020, ECF No. 7. Further, on May 29, 2020, the Court issued another Administrative Order directing that "the period of time from March 13, 2020 to September 8, 2020 is considered to be excluded time in *all* criminal proceedings in this Court pursuant to U.S.C. § 3161(h)(7)(A)." Misc. No. 2:20-mc-394-MRH, ECF No. 12 (emphasis in original). Defendant's concerns about his rights to a speedy trial, in light of the current reality that no trial can be scheduled earlier than September 9, 2020, are understandable. Unfortunately, the COVID-19 Pandemic and the health concerns arising from the transmission of the virus are unprecedented in recent history. Extraordinary measures are required to ensure the safety of the population at large. In this case, Mr. Davis' detention is warranted because of the serious nature of the drug and firearm charges he faces, and because he would be a danger to the community if released, and because he is a flight risk. Release of Devon Davis on home detention or bail is not warranted.

AND NOW, this 2nd day of June, 2020, it is HEREBY ORDERED that Defendant's Motion for Home Detention/Bail (ECF No. 33) is DENIED.

BY THE COURT:

Marilyn J. Horan
United States District Judge